UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SHAWN PULLUM AKA SAYEED MUHAMAD,

Plaintiff,

-against-

STUDIO MUSEUM OF HARLEM; CEO THELMA GOLDIN; ELIA ALBA,

Defendants.

25-CV-9871 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff Michael Shawn Pullum, who indicates that he also goes by the name Sayeed Muhamad or Muhammad, brings this *pro se* action asserting federal claims of copyright and trademark infringement. Named as Defendants are the Studio Museum of Harlem; the museum's Chief Executive Officer, Thelma Goldin; and a museum administrator, Elia Alba. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 45 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts that for the past 13 years, Defendants have exhibited his copyrighted and trademarked "artwork" and "logo," and sold reproductions of those materials on postcards, without permission or compensation. (ECF 1 at 5-6.) He seeks $3 million in money damages.

## DISCUSSION

To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant. *Spinelli v. Nat'l*

*Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). The registration of a plaintiff's copyright with the United States Copyright Office ("USCO") is not required for a work to obtain copyright protection. *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."). Nevertheless, registration of a copyright with the USCO is a precondition for bringing a copyright infringement action in federal court. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (holding that copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court [in *Reed Elsevier*] has held that [17 U.S.C. § 411] imposes a 'precondition' to filing a claim for copyright infringement."); *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a)) ("A certificate of registration with the [United States Patent and Trademark Office] is *prima facie* evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce.")

When determining whether a complaint fails to state a claim on which relief may be granted,

> district courts "may review only a narrow universe of materials," which includes "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, . . . matters of which judicial notice may be taken," as well as "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint,"

*Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

District courts may take judicial notice of a litigant's copyright and trademark registration. *See Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (copyright); *Hesse v. Godiva Chocolatier, Inc.*, No. 19-CV-972 (AJN), 2020 WL 2793014, at *3 (S.D.N.Y. May 29, 2020) (trademark).

Plaintiff does not allege sufficient facts to state a claim of copyright or trademark infringement. The complaint does not contain any information about the name, type, or nature of his artwork or logo. Additionally, Plaintiff does not provide any registration or file numbers with the USCO or the United States Patent and Trademark Office ("USPTO"). Furthermore, a search of the registries of the USCO and the USPTO, of which the Court may take judicial notice, do not indicate any copyright or trademark under either name listed on the complaint as belonging to Plaintiff. *See Island Software*, 413 F.3d at 261. The Court therefore dismisses Plaintiff's copyright and trademark infringement claims without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to provide additional facts to state a valid copyright or trademark claim, the Court grants him 30

days' leave to file an amended complaint. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 45 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 9, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.